UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Benjamin Jesse Jackson, III, #10060206 | ) C/A No. 6:10-3128-RMG-KFM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Hill-Finklea Berkeley County Detention Center; Sheriff H. Wayne Dewitt; Mr. McElvogue; Mrs. McElvogue; Sgt. Sheets; PFC. Menzie; PFC. Sports; Sgt. Jacumin, | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se*, brings this prison conditions lawsuit pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Hill-Finklea Berkeley County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as Defendants the detention center, the Sheriff, and several officers at the detention center. The detention center should be dismissed as a Defendant in this case with the remaining defendants served with process.

*Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

action is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B)(i) and (ii).  As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*).  However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The pleadings name Hill-Finklea Berkeley County Detention Center as a defendant.  In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under color of state law."  42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961).  A defendant in a § 1983 action must qualify as a "person."  The Hill-Finklea Berkeley County Detention Center is a group of buildings or a facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law, and therefore the Hill-Finklea Berkeley County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person

amenable to suit."). Accordingly, Defendant Hill-Finklea Berkeley County Detention Center should be dismissed as a party in this case.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the Defendant Hill-Finklea Berkeley County Detention Center with prejudice and without issuance and service of process.  **The plaintiff's attention is directed to the notice on the following page.**

s/Kevin F. McDonald<br>
United States Magistrate Judge

February 10, 2011<br>
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>300 E. Washington Street, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).