IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Benjamin J. Jackson, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 6:10-3128-RMG |
| ) | |
| Sheriff H. Wayne DeWitt, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter comes before the Court on Defendants' motion for summary judgment. (Dkt. No. 53). This *pro se* action was brought by Plaintiff, a prisoner at the Berkeley County Detention Center (hereafter "BCDC"), for alleged violations of his legal rights while incarcerated at BCDC. The matter was referred to the Magistrate Judge for pretrial handling pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Defendants moved for summary judgment on July 1, 2011, and Plaintiff was duly served with a Roseboro order. (Dkt. Nos. 53, 54). Plaintiff filed a response in opposition to the motion for summary judgment. (Dkt. No. 65). The Magistrate Judge issued a Report and Recommendation on December 5, 2011, recommending to the Court that Defendants' motion for summary judgment federal constitutional claims be granted and the Court decline to exercise its supplemental jurisdiction over Plaintiff's state law claims. (Dkt. No. 67). Plaintiff thereafter filed an objection to the Magistrate Judge's Report and Recommendation. (Dkt. No. 69).

-1-

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff's complaint asserts the following nineteen separate alleged constitutional violations against defendants: (1) he was refused breakfast on one occasion; (2) BCDC does not have a "grievance line"; (3) guards fight inmates and neglect them; (4) there are no medical services at the jail; (5) officers pass out inmates' medication and give wrong medications; (6) he was bitten by a spider and received no medical attention; (7) he was deprived of rights to get legal paperwork; (8) he was told the detention center has a law library but he has not seen it; (9) he can only get religious reading materials; (10) there is a GED program but only for female inmates; (11) the BCDC is overcrowded; (12) he can clean his cell only once a week; (13) there is mildew, mold, and lead paint in the shower, and the drain backs up; (14) there are cameras in the holding cells pointing at the toilets and showers; (15) the BCDC returns photos and personal mail to sender for no reason; (16) the BCDC rejects visitors if they are one minute late; (17) the BCDC is charging indigent inmates for indigent packages; (18) an inmate has to be "about dead" to go to the hospital; and (19) the BCDC feeds inmates spoiled our soured food and the detention center feeds the inmates the same type of food every day.

The Magistrate Judge addressed each of these claims in his Report and Recommendation, found no violation of the federal constitutional rights of Plaintiff and recommended that

Defendants' motion for summary judgment be granted. The Court has reviewed the record in this matter, the Magistrate Judge's Report and Recommendation, Defendants' motion for summary judgment and supporting memoranda, and Plaintiff's objections filed with the Court. The Court finds that the findings and conclusions contained in Report and Recommendation are well supported by the record and the applicable and controlling law. Therefore, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge, **GRANTS** Defendants' motion for summary judgment (Dkt. No. 53) and **DISMISSES** with prejudice all of Defendants' federal constitutional claims. The Court further declines to accept supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). In light of the foregoing, this action is hereby dismissed.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
January 6, 2012